UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

In re:                                          )
                                                )
MILNER DISTRIBUTION ALLIANCE, INC.              )   Case No. 14-22962 SBB
dba MAXX Sunglasses; dba 3DP Vision;            )   Chapter 11
dba Gold Vision                                 )
EIN 26-2875563                                  )
                                                )
Debtor.                                         )

## MOTION FOR ORDER ESTABLISHING INTERIM COMPENSATION PROCEDURE FOR ALL PROFESSIONALS AND TO APPROVE RETAINER TO WEINMAN & ASSOCIATES, P.C.

Debtor-in-Possession, Milner Distribution Alliance, Inc. ("Debtor"), by and through its counsel, Weinman & Associates, P.C., moves the Court for an Order, pursuant to 11 U.S.C. §331 and Rule 2016-2 L.R.B.P., Establishing an Interim Compensation Procedure for All Professionals and Approving Retainer to Weinman & Associates, P.C., and states as follows:

1. The Debtor filed its petition for relief under Chapter 11 of the Bankruptcy Code on September 23, 2014, and since that date has been operating as a Debtor-in-Possession.

2. The Debtor has filed an application to retain Weinman & Associates, P.C. as counsel for the Debtor-in-Possession.

3. Debtor intends to employ Allen & Vellone, P.C. as co-counsel for the primary purpose of bankruptcy estate litigation.

4. A Creditors' Committee has not yet been appointed in this case.

5. Debtor is a sunglass designer and sells sunglasses worldwide to customers who operate retail outlets and on the internet. Debtor also has a 3D printing business.

6. The professionals in the case may be at considerable risk due to the effort which will be required. Moreover, if payment to professionals is delayed until 120 day fee applications are approved, the professionals will effectively be forced to finance a significant portion of the administration of this case. The Debtor and counsel submit this would place hardship on the professionals retained in the case.

7. Weinman & Associates, P.C. has been paid a retainer in the amount of $35,000 from the Debtor. Allen & Vellone, P.C. was paid a retainer of $25,000.

8. If the interim compensation procedure requested herein is approved by the Court, it is submitted that the within interim compensation requested will not adversely impact the Debtor's cash flow, since Weinman & Associates, P.C. and Allen & Vellone, P.C. will initially draw against their retainers for their interim fees and reimbursement of expenses.

9. There is considerable litigation which is anticipated in the case including the continuation of litigation commenced by third parties pre-petition. The Debtor projects that the monthly fees and expenses of professionals hired by the Debtor could easily be $10,000.

10. The Debtor seeks an order establishing an interim compensation procedure for the professionals retained pursuant to Order of this Court authorizing the Debtor to pay professionals from the Debtor's cash flow, for post-petition services, one hundred percent (100%) of expenses and seventy-five percent (75%) of fees on a monthly basis. All fees paid shall be subject to approval by the Court through fee applications. To the extent any fees or expenses are not approved by the Court, they shall either be offset against the twenty-five percent (25%) retainage or be subject to recapture as appropriate.

11. The Debtor and counsel believe that it is necessary and appropriate to establish a procedure for paying interim compensation on a monthly basis to professionals retained by order of the Court. The professionals will be required to devote substantial time, effort, and personnel to this case. The absence of a procedure for awarding interim compensation will cause undue financial burdens on counsel or might discourage other processionals whose services the Debtor might require from accepting or continuing employment.

12. The Debtor believe that the procedure outlined herein provides an efficient means of payment of the legal services, as well as appropriate review by all parties in interest and by the Court. The interim fee procedure outlined herein is appropriate under the Bankruptcy Code and the Local Rules of this Court. Section 331 of the Bankruptcy Code provides as follows:

> A trustee, an examiner, a Debtor's attorney, or any professional person employed under Sections 327 or 1103 of this title may apply to the court not more than once every 120 days after an order for relief in a case under this title, <u>or more often if the court permits</u>, for such compensation for services rendered before the date of such an application or reimbursement for expenses incurred before such date as is provided under Section 330 of this title. <u>After notice and a hearing the court may allow and disburse to such applicant such compensation or reimbursement</u>.

11 U.S.C. §331 (emphasis added).

13. Section 102(1) provides that "after notice and a hearing":

(A) means after such notice as appropriate in the particular circumstances,

2

and such opportunity for a hearing as is appropriate in the particular circumstances; but (B) authorizes and act without an actual hearing if such is given properly and if . . .

> (i) such a hearing is not requested timely by a party in interest
> . . .

11 U.S.C. §102(a).

14. Local Bankruptcy Rule 2016-2(b) provides that the Court: may approve interim compensation procedures in appropriate cases and utilize the established guidelines for professionals seeking approval of interim compensation or other procedures directed by the Court. The guidelines are located at L.B.R. 2016-2 App.

15. Interpreting Sections 328, 330 and 331 of the Bankruptcy Code, the courts have recognized the need to permit regular monthly payments of compensation and reimbursement to Chapter 11 professionals prior to the entry of a formal court order awarding compensation and reimbursement following notice of the hearing. In re Niover Begels, Inc., 214 B.R. 291 (Bankr. E.D.N.Y. 1997), In re Haven Elder Care, LLC, 382 B.R. 180 (Bankr. D. Conn. 2008).

16. The Debtor submits that it is appropriate for the Court to adopt the following procedure for awarding interim compensation and reimbursement of expenses to professionals retained to represent the Debtor:

   a. On or before the fifteenth (15th) day of each month, the professionals shall submit to the Debtor an itemized interim statement, in the form and with contents generally accepted by the Bankruptcy Court, setting forth the date, the nature of the services rendered, and the time expended by the professionals for which fees are incurred through the last day of the preceding month. Any fees or expenses not submitted in any month may be submitted in an subsequent month.

   b. All interim statements shall be submitted to the Debtor's corporate office and shall be served on the U.S. Trustee, any appointed Chapter 11 trustee, counsel for the Debtor, counsel for the Creditors' Committee (or if there is no counsel of record, to all members of the committee), and as requested by parties in interest, collectively the "noticed parties". The time periods used to record time shall not exceed 1/10th hour blocks. The time records shall, to the extent feasible, identify the time devoted each day to different tasks or pleadings.

   c. The description of any services regarding a confidential matter may be blocked out on the copies that are served on the parties other than the Debtor, but the confidential matter may not be blocked out on the copy that is served on the U.S. Trustee, unless the matter is confidential with respect to the U.S. Trustee. Submission of confidential matters to the Court, to the Debtor, or the U.S. Trustee shall not constitute a waiver of any privilege regarding confidentiality.

d. All statements for expenses shall include a summary of the expense by category and a copy of a receipt or invoice for each expense of $25.00 or more for which a receipt or invoice is available. Whenever a person pays expenses for others, the other person shall be identified in the supporting materials sufficiently to show that the expense for them is reimbursable.

e. Statements submitted by professionals shall be based on their normal and customary hourly rates.

f. The Professionals shall endeavor to resolve objections regarding the fees or expenses set forth in the monthly statements prior to the filing of interim fee applications regarding such amounts. Despite the foregoing, if the Debtor, the U.S. Trustee, the Creditors' Committee, or any party in interest object to the monthly payment of fees or expenses, they may pursue its objection prior to the filing of formal interim or final applications with the Court by providing written out-of-court notice to the Debtor, its counsel, the U.S. Trustee, the Professional, the creditor's committee and parties in interest within fourteen (14) days of receipt of the Professional's monthly statement. Such notice must specify the nature of the objection and the specific amount of the monthly payment considered objectionable.

g. If a timely out-of-court objection to a monthly statement is disseminated in the manner provided above, the Debtor shall withhold the specific compensation amount(s) for services rendered, objected to, in addition to and in excess of the amount withheld pursuant to the twenty-five percent (25%) holdback, and specific amounts for expenses considered objectionable pending resolution by the Court upon the filing of an interim formal application by the Professional. All professional fees and expenses not objected to shall be paid by end of month.

h. The Debtor, the U.S. Trustee, and the Creditors' Committee, as well as any other party-in-interest, shall have the opportunity to formally object to or comment upon the fees and expenses contained in the monthly statements upon the filing of interim and final fee applications in accordance with Sections 330 and 331 of the Bankruptcy Code.

i. Once the fourteen (14) day notice period has passed and/or all objections have been resolved, the Debtor will be authorized to pay one hundred percent (100%) of the expenses and seventy-five percent (75%) of the fees requested by the professional if the Debtor has sufficient cash reserves to pay the professional.

j. If the parties are unable to resolve any disputes, they may file a motion seeking resolution by the Court.

k. Interim formal applications shall be filed pursuant to 11 U.S.C. §331.

4

l.  The Professionals may apply to receive the amounts withheld pursuant to the twenty-five percent (25%) monthly holdback or withheld pursuant to any timely out-of-court objection to a monthly statement in its respective interim formal applications. Upon approval of an interim formal application, Debtor may disburse the monthly holdback amounts retained for the previous period only to the extent allowed by the Court. Any professional seeking payment of the 25% holdback must show good cause for such payment to be allowed. See L.B.R. 2016-2APP.

m.  Reasonable time and expenses incurred in the preparation of monthly statements and formal applications shall be reimbursable from the estate.

n.  Notice of any proposed increase in an individual professional's billing rate must be filed with the Court and separately noticed to the Debtor, U.S. Trustee, and Creditors' Committee, and those parties shall have thirty (30) days to file objections to the proposed increase.

o.  This application, if approved, will not preclude any party-in-interest from seeking extraordinary relief or expedited action by the Court to resolve or clarify disputes regarding professional compensation or expense reimbursement.

17.  Counsel for the Debtor has provided a copy of this Motion to the United States Trustee.

18.  Weinman & Associates, P.C. has received, pre-petition, a retainer in the amount of $35,000 from the Debtor. A portion of the retainer has been expended pre-petition. Weinman & Associates, P.C. requests that the Court enter an Order approving Weinman & Associates, P.C.'s retainer.

WHEREFORE, for reasons as set forth above, the Debtor request that this Court enter an Order approving this interim compensation procedure for professionals retained in the case and further authorizing Weinman & Associates, P.C. to draw on the retainer which it holds under the terms and conditions set forth herein, and approving the retainer paid to Weinman & Associates, P.C., and for such other and further relief as the Court deems just.

DATED: September 23, 2014

Respectfully Submitted,
WEINMAN & ASSOCIATES, P.C.

By: /s/ Jeffrey A. Weinman
    Jeffrey A. Weinman, #7605
    730 17th Street, Suite 240
    Denver, CO 80202-3506
    Telephone: (303) 572-1010
    Facsimile: (303) 572-1011
    jweinman@epitrustee.com

**9013-1 CERTIFICATE OF SERVICE OF MOTION, NOTICE AND PROPOSED ORDER**

The undersigned certifies that on September 23, 2014, I served by prepaid first class mail a copy of the **MOTION FOR ORDER ESTABLISHING INTERIM COMPENSATION PROCEDURE FOR ALL PROFESSIONALS AND TO APPROVE RETAINER TO WEINMAN & ASSOCIATES, P.C.**, notice and proposed order on all parties against whom relief is sought and those otherwise entitled to service pursuant to the FED.R.BANKR.P. and these L.B.R. at the following addresses:

U.S. Trustee
999 18th Street
Suite 1551
Denver, CO 80202

Milner Distribution Alliance, Inc.
Attn: Richard Milner, President
P.O. Box 794
Monument, CO 80132-0794

\s\ Lisa R. Kraai